IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEDRA J. RUSSELL,                          No. CIV.S-06-0063 FCD DAD PS

     Plaintiff,

  v.                                         ORDER

SACRAMENTO COUNTY ALCOHOL
AND DRUG BUREAU, et al.,

     Defendants.
_____/

This matter came before the court on September 29, 2006, for hearing on defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff, proceeding pro se, appeared on her own behalf. Jesse M. Rivera appeared on behalf of defendants. Having considered all written materials submitted in connection with the motion, and after hearing oral argument,[1] defendants' motion will be granted and plaintiff's complaint will be dismissed with leave to amend.

---

[1] Plaintiff did not file written opposition to the motion but appeared at the hearing and was permitted to argue in opposition.

1

1           A motion to dismiss pursuant to Rule 12(b)(6) of the
2  Federal Rules of Civil Procedure tests the sufficiency of the
3  complaint.  See North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d
4  578, 581 (9th Cir. 1983).  Dismissal of the complaint or of any claim
5  within it "can be based on the lack of a cognizable legal theory or
6  the absence of sufficient facts alleged under a cognizable legal
7  theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th
8  Cir. 1990); see also Robertson v. Dean Witter Reynolds, Inc., 749
9  F.2d 530, 534 (9th Cir. 1984).

10          In considering a motion to dismiss for failure to state a
11 claim, the court accepts as true all material allegations in the
12 complaint and construes those allegations, as well as the reasonable
13 inferences that can be drawn from them, in the light most favorable
14 to the plaintiff.  See Hishon v. King & Spalding, 467 U.S. 69, 73
15 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).
16 In a case where the plaintiff is pro se, the court has an obligation
17 to construe the pleadings liberally.  Bretz v. Kelman, 773 F.2d 1026,
18 1027 n.1 (9th Cir. 1985)(en banc).  However, the court's liberal
19 interpretation of a pro se complaint may not supply essential
20 elements of a claim that are not pled.  Pena v. Gardner, 976 F.2d
21 469, 471 (9th Cir. 1992); Ivey v. Bd. of Regents of Univ. of Alaska,
22 673 F.2d 266, 268 (9th Cir. 1982).

23          As discussed on the record during the hearing, plaintiff's
24 complaint is very brief and does not amount to a short plain
25 statement of a claim showing that plaintiff is entitled to relief nor
26 does the complaint set forth any factual allegations giving rise to

                                2

federal jurisdiction. See Fed. R. Civ. P. 8(a)(1), (2). On the other hand, in light of plaintiff's allegation that this action is based upon her "being subjected to both Sexual Harassment and Racial Discrimination in October 2003 to March 2004 resulting in a hostile work environment" (Compl. at 1-2), the court finds that the deficiencies of the complaint can be cured by amendment. More specifically, plaintiff will be granted leave to file an amended complaint to more plainly allege her hostile work environment claim under Title VII of the Civil Rights Act of 1964. See Manatt v. Bank of America, NA, 339 F.3d 792, 798 (9th Cir. 2003)(listing elements of hostile work environment claim under Title VII); Kang v. U. Lim Am. Inc., 296 F.3d 810, 817 (9th Cir. 2002)(same). If plaintiff chooses to amend the complaint, she must also set forth the grounds upon which the court's jurisdiction depends. Moreover, the amended complaint must include clear and concise factual allegations describing the events which underlie her claims.

   With respect to any amended complaint, plaintiff is reminded that as a general matter supervisors such as defendant Toni Moore cannot be held individually liable under Title VII. This is because "civil liability for employment discrimination does not extend to individual agents of the employer who committed the violations, even if that agent is a supervisory employee[.]" Pink v. Modoc Indian Health Project, Inc., 157 F.3d 1185, 1189 (9th Cir. 1998); see Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 587-88 (9th Cir. 1993)(explaining that Title VII does not impose individual liability on employees).

Next, the court is not persuaded by defendants' argument that the court lacks subject matter jurisdiction because the complaint fails to allege that plaintiff exhausted her administrative remedies prior to filing suit. As discussed at the hearing, plaintiff's "right to sue" letter from the Equal Employment Opportunity Commission is attached to her complaint. See Mahoney v. United States Postal Service, 884 F.2d 1194, 1196 (9th Cir. 1989) ("A pro se litigant, however, who fails to name the appropriate defendant in an otherwise viable complaint may avoid dismissal on jurisdictional grounds by attaching to that complaint an administrative order that names the correct defendant."); see also Hal Roach Studios, Inc. v. Richmond & Feiner Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989)(district court may consider documents attached to complaint without converting motion to dismiss into motion for summary judgment).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make any amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the initial complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Any amended pleading which
/////

4

1  fails to provide the necessary factual description will likely be
2  dismissed.
3         Accordingly, for the reasons set forth above, IT IS HEREBY
4  ORDERED that:
5         1.  Defendants' motion to dismiss is granted; and
6         2.  Plaintiff's complaint is dismissed with leave to file
7  an amended complaint within thirty (30) days of the date of this
8  order.  Plaintiff is forewarned that the failure to file an amended
9  complaint which complies with this order will result in a
10 recommendation that this action be dismissed.
11 DATED: November 27, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
ddad1\orders.prose\russell0063.mtd.order

5